# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF KENTUCKY
# AT OWENSBORO

CHARLES KENNETH HARRELL                                                                    PLAINTIFF

v.                                                               CIVIL ACTION NO. 4:10CV-P21-M

SOUTHERN HEALTH PARTNERS                                               DEFENDANT

## MEMORANDUM OPINION

The plaintiff, Charles Kenneth Harrell, a convicted inmate formerly incarcerated at the Hopkins County Jail, filed this 42 U.S.C. § 1983 action against Southern Health Partners alleging Eighth Amendment violations based on Defendant's failure to allow him to see an outside neurologist for his epilepsy and a liver specialist for a "major liver illness." On initial review of the complaint pursuant to 28 U.S.C. § 1915A and *McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997), the Court allowed Plaintiff's claims to proceed for further development. Defendant has now moved for summary judgment. Plaintiff has filed a response. As such, this matter is ripe for decision. For the reasons that follow, the Court will enter summary judgment in favor of Defendant.

## I.

"The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The Rule requires that:

> A party asserting that a fact cannot be or is genuinely disputed must support the assertion by: (A) citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials; or (B) showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact.

Fed. R. Civ. P. 56(c).

The party moving for summary judgment bears the burden of demonstrating the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). "[N]ot every issue of fact or conflicting inference presents a genuine issue of material fact which requires the denial of a summary judgment motion." *Street v. J. C. Bradford & Co.*, 886 F.2d 1472, 1477 (6th Cir. 1989). "The pivotal question is whether the party bearing the burden of proof has presented a jury question as to each element of its case." *Hartsel v. Keys*, 87 F.3d 795, 799 (6th Cir. 1996).

"'[W]here the moving party has the burden -- the plaintiff on a claim for relief or defendant on an affirmative defense -- *his showing must be sufficient for the court to hold that no reasonable trier of fact could find other than for the moving party*.'" *Calderone v. United States*, 799 F.2d 254, 259 (6th Cir. 1986) (quoting W. Schwarzer, Summary Judgment Under the Federal Rules: Defining Genuine Issues of Material Fact, 99 F.R.D. 465, 487-88 (1984) (emphasis in original)). "[I]f the moving party also bears the burden of persuasion at trial, the moving party's initial summary judgment burden is 'higher in that it must show that the record contains evidence satisfying the burden of persuasion and that the evidence is so powerful that no reasonable jury would be free to disbelieve it.'" *Arnett v. Myers*, 281 F.3d 552, 561 (6th Cir. 2002) (quoting 11 James Wm. Moore, et al., Moore's Federal Practice § 56.13[1], at 56-138 (3d ed. 2000)). Where the nonmoving party bears the burden of proof at trial, "a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial." *Celotex*, 477 U.S. at 323. The nonmoving party must do more than raise some doubt as to the existence of a fact; the nonmoving party must produce evidence that would be sufficient to require submission of the issue to the jury. *Id.* The moving party,

therefore, is "entitled to a judgment as a matter of law because the nonmoving party has failed to make a sufficient showing on an essential element of [his] case with respect to which [he] has the burden of proof." *Id.* (internal quotation marks omitted).

## II.

Defendant's first argument is that it is entitled to summary judgment because Plaintiff did not appeal the denial of his grievance to the highest available administrative level. The Prison Litigation Reform Act (PLRA) requires that prisoners exhaust available administrative remedies prior to filing an action that challenges conditions of confinement.

> No action shall be brought with respect to prison conditions under [§ 1983 of this title], or any other Federal law, by a prisoner confined to any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

42 U.S.C. § 1997e(a). A prisoner is not required to specifically plead or demonstrate exhaustion in his complaint. *Jones v. Bock*, 549 U.S. 199 (2007). Rather, a prisoner's failure to exhaust under § 1997e(a) is an affirmative defense on which the defendant bears the burden of proof. *Id.*

Exhaustion under the PLRA requires that a prisoner use "'all steps that the agency holds out, and do so properly . . . .'" *Woodford v. Ngo*, 548 U.S. 81, 90 (2006). Indeed, a prisoner does not exhaust available administrative remedies when he files a grievance but "d[oes] not appeal the denial of that complaint to the highest possible administrative level." *Wright v. Morris*, 111 F.3d 414, 417 n.3 (6th Cir. 1997). A prisoner may not abandon the process before completion and then claim that he exhausted his remedies or argue that it is now futile for him to do so. *Hartsfield v. Vidor*, 199 F.3d 305, 309 (6th Cir. 1999).

In support of its motion for summary judgment, Defendant has submitted the Hopkins County Jail's grievance procedure. It provides:

3

> GRIEVANCE PROCEDURES: The purpose of the grievance process is to resolve your complaint at the lowest possible level as quickly and fairly as possible without reprisal. Listed below are some of the types of problems and complaints, which you may and may not attempt to resolve through the inmate grievance system. If the problem cannot be rectified immediately by the staff on duty, a requisition or grievance will be issued to you.
>
> > 1. Grievable: Personal and social services needs, wrongful actions by staff, and violations of your rights.
> >
> > 2. Non-Grievable: Classification decisions, work assignments, commissary operations, ***medical decisions made by a physician***, jail schedules, menus, answers to grievances you don't agree with which do not violate any rules, regulations or policies, decisions made by the Disciplinary Hearing Officer.

Plaintiff states in his complaint that his claims against Defendant are based on the fact that in response to his request to be seen by a neurologist Defendant's doctor told him that he would not be referred out as "it had not been that long since he had seen a neurologist." Because Plaintiff is complaining about a medical decision, under the Hopkins County Jail's grievance procedures, his issue is "non-greivable." As such, Defendant cannot rely on the affirmative defense of exhaustion.

## III.

Defendant next argues that Plaintiff has not established a viable claim against it. Defendant, Southern Health Partners, is the contract provider of medical services at the Hopkins County Jail. A private medical corporation is liable under § 1983 only when an official policy or custom of the corporation causes the alleged deprivation of federal rights. *See Street v. Corr. Corp. of Am.*, 102 F.3d 810, 817 (6th Cir. 1996).

Despite time for discovery, Plaintiff has not put forth evidence that tends to show the existence of a policy or custom by Defendant that caused the alleged constitutional violations. Plaintiff alleges only that Defendant should be held liable for the decisions/inaction of its

employees.  Plaintiff's argument fails because "[r]espondeat superior[1] is not a proper basis for liability under § 1983."  *McQueen v. Beecher Cmty. Schs.*, 433 F.3d 460, 470 (6th Cir. 2006). Nor can the liability of supervisors be based solely on the right to control employees, or simple awareness of employees' misconduct, even where the state actor is a private corporation.  *See Street*, 102 F.3d at 818 ("*Monell* involved a municipal corporation, but every circuit to consider the issue has extended the holding to private corporations as well.").

Accordingly, because Plaintiff has failed to identify a policy or custom of Defendant's that caused the alleged constitutional violations, Defendant is entitled to summary judgment. The Court will direct the Clerk of Court to enter summary judgment in favor of Defendant Southern Health Partners.

Date:


cc: Plaintiff, *pro se*
    Counsel of record
4414.008

---

[1] Respondeat superior is "the doctrine under which liability is imposed upon an employer for the acts of his employees committed in the course and scope of their employment." BALLENTINE'S LAW DICTIONARY (3d ed. 1969).